IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| JERMAINE LASTER, | § | |
| | § | |
| Defendant Below, | § | No. 170, 2022 |
| Appellant, | § | |
| | § | Court Below: Superior Court |
| v. | § | of the State of Delaware |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1307014887 |
| | § | |
| Appellee. | § | |

Submitted: June 17, 2022
Decided: June 30, 2022

Before **VALIHURA**, **VAUGHN**, and **TRAYNOR**, Justices.

### ORDER

After consideration of the notice to show cause and the responses, it appears to the Court that:

(1)     On May 19, 2022, the appellant, Jermaine Laster, filed a notice of appeal from a Superior Court order dated March 21, 2022, that denied Laster's motion for reargument of the court's denial of his motion for correction of illegal sentence. The Superior Court order denying the motion for reargument was dated and docketed on April 14, 2022. Under Supreme Court Rules 6 and 11, a timely notice of appeal should have been filed on or before May 16, 2022.

(2)    A notice of appeal must be timely filed to invoke the Court's appellate jurisdiction.[1]  The jurisdictional defect created by the untimely filing of a notice of appeal cannot be excused unless the appellant can demonstrate that the delay in filing is attributable to court-related personnel.[2]

(3)    The Senior Court Clerk issued a notice directing Laster to show cause why this appeal should not be dismissed as untimely filed.  In response to the notice to show cause, Laster states that he timely mailed the notice of appeal, but that the postal service returned it for insufficient postage.  He contends that the prison mailroom was at fault because the mailroom staff should have weighed the mail and affixed the required postage and charged the difference to his prison account.  In response, the State explains that, for outgoing mail, prison personnel either weigh the mail and affix postage and charge the inmate's account or, when an inmate affixes his own postage, send out the mail as prepared by the inmate, without affixing additional postage.  The State also submits prison mail records supporting the inference that Laster affixed his own postage to mail that was addressed to this Court on May 2, 2022.

(4)    Laster's response to the notice to show cause does not provide a basis for excusing the untimely filing of the notice of appeal.  A notice of appeal must be

[1] *Carr v. State*, 554 A.2d 778, 779 (Del. 1989).
[2] *Bey v. State*, 402 A.2d 362, 363 (Del. 1979).

received by the Court within the applicable time period to be effective.[3] "Unfortunately for [Laster], prison personnel are not court-related personnel, and Delaware has not adopted a rule similar to the federal prison mailbox rule, which deems a notice of appeal filed at the time it is delivered to prison authorities for mailing."[4] Because the record does not reflect that Laster's failure to file a timely notice of appeal is attributable to court-related personnel, the appeal must be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that the appeal is DISMISSED.

BY THE COURT:

/s/ James T. Vaughn, Jr.
Justice

---

[3] DEL. SUPR. CT. R. 10(a).

[4] *Schafferman v. State*, 2016 WL 5929953, at *1 (Del. Oct. 11, 2016).